UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLEAVE A. THOMAS,

               Petitioner,

v.                                     Case No. 3:14-cv-1291-J-39JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

               Respondents.
_____

## **ORDER**

### **I. Status**

Petitioner Cleave A. Thomas, an inmate of the Florida penal system, initiated this action on October 20, 2014,[1] by filing a pro se Petition for Writ of Habeas Corpus (Petition) (Doc. 1) under 28 U.S.C. § 2254. Respondents filed a Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely (Response) (Doc. 13) with

---

[1] Petitioner filed the Petition in this Court on October 22, 2014; however, giving him the benefit of the mailbox rule, this Court finds that the Petition was filed on the date he apparently handed it to the prison authorities for mailing to this Court (October 20, 2014). See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

exhibits.[2] Petitioner submitted a Response to Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely (Reply) (Doc. 14) with Exhibit A. See Order (Doc. 4).

## II. One-Year Period of Limitation

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims

---

[2] The Court hereinafter refers to the Exhibits (Doc. 13) submitted in support of the Response as "Ex."

2

> presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitation set forth in 28 U.S.C. § 2244(d). The following procedural history is relevant to the one-year limitation issue. On October 14, 2010, Petitioner was charged by third amended information with robbery and aggravated battery. Ex. A at 23. A jury found Petitioner guilty as charged on October 20, 2010. Ex. A at 62-63; Ex. B; Ex. C.

The trial court entered judgment on November 18, 2010, and sentenced Petitioner to concurrent fifteen-year terms. Ex. A at 113-27; Ex. D at 20-21. Petitioner took a direct appeal. Ex. E; Ex. F; Ex. G. On December 20, 2011, the First District Court of Appeal (1st DCA) affirmed the judgments and sentences but remanded based on improperly imposed costs. Ex. H. The mandate issued on January 18, 2012. Ex. I. On January 13, 2012, *nunc pro tunc* to November 18, 2010, the circuit court amended the judgment to reflect the proper costs. The amended judgment was filed with the

Clerk on January 18, 2012.[3]  Ex. J.  Thus, his judgment became final thirty days later on Friday, February 17, 2012.  See Fla. R. App. P. 9.140(b)(3); Saavedra v. State, 59 So.3d 191, 192 (Fla. 3rd DCA 2011); Gust v. State, 535 So.2d 642, 643 (Fla. 1st DCA 1988) (holding that, when a defendant does not file a direct appeal, the conviction becomes final when the thirty-day period for filing a direct appeal expires).

During the thirty-day appeal period, Petitioner, on January 28, 2012, filed his first Rule 3.850 motion pursuant to the mailbox rule.  Ex. K at 1-78.  The circuit court denied the motion.  Id. at 79-108.  Petitioner appealed.  Id. at 109; Ex. L.  The state filed a notice that it would not file an answer brief.  Ex. M.  On July 25, 2012, the 1st DCA affirmed per curiam.  Ex. N.  The 1st DCA denied rehearing.  Ex. O; Ex. P.  The mandate issued on October 1, 2012.  Ex. Q.

Petitioner's one-year limitation period began to run on October 2, 2012, and ran until Petitioner filed his second Rule 3.850 motion on October 17, 2012, pursuant to the mailbox rule. Ex. R.  Thus, the limitation period ran for fifteen days until that filing.  The limitation period remain tolled until the mandate issued on April 2, 2013.  Ex. T.  Petitioner's one-year period began to run again on April 3, 2013.  It expired on Wednesday,

---

[3] Respondents refer to an amended judgment date of January 18, 2010, which is incorrect.  See Response at 2, 4.

March 19, 2014. His Petition, filed on October 20, 2014, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitation period.

Petitioner asserts that his October 20, 2014 Petition is timely filed because he initially filed a pro se federal petition in the United States District Court for the Middle District of Florida on April 9, 2013. Reply at 1 & Exhibit A. In that case (Case No. 3:13-cv-383-J-20PDB), he filed a federal petition for writ of habeas corpus.[4] When Petitioner failed to pay the $5.00 filing fee or complete and file an affidavit of indigency as directed by the Court, the Court dismissed his petition without prejudice on July 31, 2013.[5] See Case No. 3:13-cv-383-J-20PDB, Order (Doc. 6).

The pendency of a previously filed federal habeas petition did not toll the running of the federal limitation period. The federal limitation period is tolled during the time in which a properly filed application for state post-conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending

---

[4] The Court takes judicial notice of Case No. 3:13-cv-383-J-20PDB.

[5] The dismissal without prejudice did not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d).

5

does not toll the one-year limitation period. See <u>Duncan v. Walker</u>, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review <u>does</u> <u>not</u> toll the one-year limitation period under § 2244(d)(2)).

Given the record, Petitioner's October 20, 2014 Petition is untimely filed, and due to be dismissed unless he can establish that equitable tolling of the limitation period is warranted. The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010); <u>Cole v. Warden, Ga. State Prison</u>, 768 F.3d 1150, 1157-58 (11th Cir. 2014), <u>cert</u>. <u>denied</u>, 135 S.Ct. 1905 (2015). As an extraordinary remedy, equitable tolling is limited to exceptional circumstances, "professional misconduct or otherwise," objectively identified. <u>Cadet v. State of Fla. Dep't of Corr.</u>, No. 12-14518, 2017 WL 727547, at *9 (11th Cir. 2017). The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. <u>Howell v. Crosby</u>, 415 F.3d 1250 (11th Cir. 2005), <u>cert</u>. <u>denied</u>, 546 U.S. 1108 (2006); <u>Wade v. Battle</u>, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted).

Petitioner has not met the burden of showing that equitable tolling is warranted.

As such, Petitioner has not shown a justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DISMISSED with prejudice**, and this case is **DISMISSED with prejudice.**

2. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

3. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[6] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions

---

[6] If Petitioner appeals the dismissal of the Petition, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after due consideration, this Court will deny a certificate of appealability as Petitioner has not met his burden.

7

report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

    4.    The **Clerk** shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of May, 2017.

/s/ Brian J. Davis
BRIAN J. DAVIS
United States District Judge

sa 5/2
c:
Cleave A. Thomas
Counsel of Record